

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

___

*970 Broad Street, 7th floor*　　　　　　　　　　　　973-645-2700
*Newark, New Jersey 07102*

CSS/PL AGR
2024R00479

December 23, 2024

Carol Dominguez, Esq.
Assistant Federal Public Defender
District of New Jersey
1002 Broad Street
Newark, NJ 07102

　　　　Re:　Plea Agreement with Kyle Baker

Dear Ms. Dominguez:

　　This letter sets forth the plea agreement between your client, Kyle Baker ("BAKER"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **January 13, 2025**, if it is not accepted in writing by that date. If BAKER does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

　　Conditioned on the understandings specified below, this Office will accept a guilty plea from BAKER to a two-count Information, which charges BAKER with: (a) in Count One, on or about May 16, 2024, being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); and (b) in Count Two, on or about May 16, 2024, possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). If BAKER enters a guilty plea and is sentenced on these charges, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against BAKER for: (a) possession of ammunition on or about May 16, 2024; and (b) possession with intent to distribute controlled substances, or conspiring to do the same, in or around May 2024.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BAKER even if the applicable statute of limitations period for those charges expires after BAKER signs this agreement, and BAKER agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) charged in Count One of the Information to which BAKER agrees to plead guilty carries a statutory maximum prison sentence of 15 years and a maximum fine equal to the greater of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) charged in Count Two of the Information to which BAKER agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a maximum fine equal to the greater of: (1) $1,000,000, (2) twice the gross amount of any pecuniary gain that any person derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Count One and Two may run consecutively to each other or to any prison sentence BAKER is serving or is ordered to serve.  Fines imposed may be subject to the payment of interest.

The sentence to be imposed upon BAKER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BAKER ultimately will receive.

Further, in addition to imposing any other penalty on BAKER, the sentencing judge as part of the sentence:

(1) will order BAKER to pay an assessment of $100 per count ($200 total), pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture on Count One, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, and on Count Two, pursuant to 21 U.S.C. § 853;

(3) may deny BAKER certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(4) pursuant to 18 U.S.C. § 3583, may require BAKER to serve a term of supervised release of not more than 3 years on Count One and, pursuant to 21 U.S.C. § 841, must require BAKER to serve a term of supervised release of at least three years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should BAKER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BAKER may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of BAKER's acceptance of responsibility, BAKER agrees to forfeit to United States: (i) any firearms and ammunition involved in the commission of the offense charged in Count One of the Information; and (ii) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds BAKER obtained, directly or indirectly, as the result of the offense charged in Count Two of the Information, and any and all property used or intended to be used, in any manner or part, to facilitate the commission of such offense.

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, such property includes, but is not limited to, the following items seized from BAKER on or about May 16, 2024:

1) one black, 9mm handgun with no serial number; and

2) 16 rounds of 9mm ammunition,

which BAKER acknowledges were involved in the commission of the offense charged in Count One of the Information (collectively, the "Specific Property").

BAKER acknowledges that the Specific Property is subject to forfeiture as a firearm or ammunition involved in or used in the violation of 18 U.S.C. § 922(g)(1) charged in the Information.

BAKER further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an

order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

BAKER waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), BAKER consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. BAKER understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise BAKER of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. BAKER further understands that BAKER has no right to demand that any forfeiture of BAKER's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. BAKER waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

BAKER also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. BAKER agrees that BAKER will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent BAKER has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. BAKER further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

BAKER further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of BAKER's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

BAKER further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If BAKER fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that BAKER has intentionally failed to disclose assets on his Financial Disclosure Statement, BAKER agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on BAKER by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BAKER's activities and relevant conduct with respect to this case.

Stipulations

This Office and BAKER will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly.  Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and BAKER waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

BAKER understands that, if BAKER is not a citizen of the United States, BAKER's guilty plea to the charged offenses will likely result in BAKER being subject to immigration proceedings and removed from the United States by making BAKER deportable, excludable, or inadmissible, or ending BAKER's naturalization.  BAKER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BAKER wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause BAKER's removal from the United States. BAKER understands that BAKER is bound by this guilty plea regardless of any immigration consequences.  Accordingly, BAKER waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences.  BAKER also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BAKER.  So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude BAKER from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between BAKER and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:  Casey S. Smith
Assistant U.S. Attorney

APPROVED:

Elaine K. Lou
Deputy Chief, Criminal Division

    I have received this letter from my attorney, Carol Dominguez, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: June 19, 2025
Kyle Baker


    I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: June 19, 2025
Carol Dominguez, Esq.
Counsel for Defendant

Plea Agreement with Kyle Baker

Schedule A

1. This Office and Kyle Baker ("BAKER") stipulate to the following facts:

    a. On or about May 16, 2024, BAKER knowingly possessed 16 rounds of 9mm ammunition (the "Ammunition").

    b. BAKER possessed the Ammunition "subsequent to sustaining at least two felony convictions of . . . a controlled substance offense," for the purpose of U.S.S.G. § 2K2.1(a)(2).

    c. On or about May 16, 2024, BAKER also possessed a 9mm handgun that was not marked with a serial number (the "Firearm"). BAKER knew that the Firearm was not marked with a serial number, for the purpose of U.S.S.G. § 2K2.1(b)(4).

    d. BAKER possessed the Ammunition in connection with another felony offense, namely, BAKER's possession with intent to distribute controlled substances, for the purpose of U.S.S.G. § 2K2.1(b)(6)(B).

    e. On or before May 16, 2024, the Ammunition traveled in interstate or foreign commerce.

    f. BAKER was convicted in the Superior Court of New Jersey, Essex County of distributing, dispensing, or possessing with intent to distribute a controlled substance on or within 1,000 feet of school property, in violation of N.J.S.A. 2C:35-7, and on or about June 24, 2013, was sentenced to three years' imprisonment for that crime. BAKER therefore knew, on or about May 16, 2024, that he had previously been convicted of a crime punishable by more than one year of imprisonment. This conviction constitutes a controlled substance offense, as defined by U.S.S.G. § 4B1.2(a).

    g. BAKER was convicted of a second controlled substance offense, as defined by U.S.S.G. § 4B1.2(a). BAKER was convicted in the Superior Court of New Jersey, Hudson County of conspiracy to manufacture, distribute, or dispense a controlled substance, in violation of N.J.S.A. 2C:5-2, and on or about April 12, 2013, was sentenced to 3 years' imprisonment for that crime. This conviction constitutes a controlled substance offense, as defined by U.S.S.G. § 4B1.2(a).

2. The parties agree that a term of imprisonment within the range of 84 to 108 months (the "Stipulated Range") is reasonable taking into account all of the factors set forth in 18 U.S.C. § 3553(a). The parties recognize, however, that the

Stipulated Range will not bind the District Court. The parties agree not to seek any sentence outside the Stipulated Range.

  3. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

  4. If the District Court imposes a term of imprisonment within the Stipulated Range:

    a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of probation, any fine, any restitution, any forfeiture, and the special assessment.

    b. BAKER will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

    c. These waiver provisions do not apply, however, to:

     i. Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for BAKER's offense of conviction;

     ii. Any proceeding to revoke the term of supervised release.

     iii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

     iv. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

- 11 -

      5.     Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.